IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRTI BHAGWAN,<br><br>    Petitioner,<br><br>  vs.<br><br>JOE MCGRATH, Warden,<br><br>    Respondent. | No. C 03-2589 JSW (PR)<br><br>**ORDER TO SHOW CAUSE;<br>DENIAL OF REQUEST FOR<br>APPOINTMENT OF COUNSEL**<br><br>(Docket No. 6) |

## INTRODUCTION

On June 3, 2003, Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee on July 24, 2003. This order directs Respondent to show cause why the amended petition (docket no. 6) should not be granted.

## BACKGROUND

According to the amended petition, Petitioner was convicted by a jury in Alameda County Superior Court of driving while intoxicated and thereby causing one homicide and injuries to three others. On June 16, 2002, he was sentenced to a term of fifteen years to life in state prison. Petitioner appealed his conviction to the California Court of Appeal which denied the appeal in 2002. According to the petition, the Supreme Court of California denied Petitioner's petition for review in 2002. On August 28, 2003, Petitioner

filed for state post-conviction relief in the California Supreme Court, which denied the petition in 2003. Petitioner filed a federal habeas petition on June 3, 2003.

On August 14, 2003, the Court dismissed the petition with leave to amend. On August 27, 2003, Petitioner filed a motion to stay the petition while Petitioner exhausted his ineffective assistance of counsel claim in state court (docket no. 4), which the Court granted on November 25, 2003.

Petitioner attempted to file an amended petition on November 23, 2004, which the Clerk inadvertently filed as a new case, C04-2493 JSW. The Court ordered the new case closed and dismissed Petitioner's amended petition with leave to file a second amended petition within thirty days, as Petitioner had failed to include in the amended petition the claims that had been previously exhausted (docket no. 7). The Court notified Petitioner that if he "fails to timely file a second complaint, this matter shall proceed on Petitioner's first amended petition regarding the claims which were recently exhausted and the Court will not consider Petitioner's other claims." (Nov. 23, 2004 Order.)

Thereafter, on December 23, 2004, Petitioner filed a request for an extension of thirty days in which to file the amended petition, which the Court granted on May 9, 2005 (docket no. 8). Petitioner has not timely filed a second amended petition or any further communication with the Court since that time. The Court therefore proceeds on Petitioner's first amended petition.

## DISCUSSION

I     <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. <u>Legal Claims</u>

The Court finds that the amended petition raises two different grounds for relief: (1) ineffective assistance of trial counsel for failing to investigate Petitioner's medical records and raise a mental state defense and for allowing Petitioner to appear before the jury in jail clothes; and (2) ineffective assistance of appellate counsel.

As to these claims, liberally construed, it does not appear from the face of the amended petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the amended petition as set forth below.

III. <u>Motion for Appointment of Counsel</u>

Petitioner includes with the amended petition his request for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." No evidentiary hearing appears necessary at this time, and the Court notes that Petitioner has presented his claims adequately in the amended petition. Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's request is DENIED (docket no. 7). This denial is without prejudice to the Court's sua sponte reconsideration.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the amended petition, filed November 23, 2004, and all attachments thereto, on Respondent and

Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. Petitioner's motion for appointment of counsel is DENIED without prejudice.

5. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: November 14, 2005

_____
JEFFREY S. WHITE
United States District Judge