IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIRTI BHAGWAN,

        Petitioner,

   v.

JOE McGRATH,

        Respondent.
_____/

No. C 03-2589 JSW (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Kirti Bhagwan, a prisoner of the State of California, is serving a sentence of twenty-four years to life in state custody for convictions arising out of a collision in downtown Oakland. Mr. Bhagwan has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 citing two grounds for relief: (1) ineffective assistance of trial counsel and (2) ineffective assistance of appellate counsel.

Having considered the parties' papers and the accompanying record, the Court hereby **DENIES** Mr. Bhagwan's petition.

### I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The evidence presented at Mr. Bhagwan's trial is reflected in the Reporter's Transcript. That evidence, which is essentially undisputed, indicates that, on the evening of November 17, 1999, Brenda Guillen died after her family's car was struck by Kirti Bhagwan. The Guillens' car was waiting at a red light when Mr. Bhagwan's car struck it from behind. When tested, Mr. Bhagwan's blood alcohol level was at 0.41 percent.

Several witnesses described Mr. Bhagwan as driving in excess of fifty miles per hour, despite the speed limit of twenty-five miles per hour. While speeding through the downtown

streets, Mr. Bhagwan ran red lights and struck several automobiles. The collision with the Guillens' car came with such great force that the Guillens' car became airborne and flipped several times before coming to rest. All four members of the Guillen family sustained injuries, including Brenda, who later died as a result.

Following the collision, Mr. Bhagwan showed obvious signs that he had been drinking. The police officer who first approached Mr. Bhagwan's car smelled alcohol. Two half-full bottles of alcohol were recovered from the floorboard of the car. Mr. Bhagwan's blood alcohol level was described by an expert witness as "astronomically high" and sufficient to cause severe impairment or even death. At the hospital following the collision, Mr. Bhagwan admitted to drinking alcohol and driving the car at the time of the collision.

Mr. Bhagwan had three prior DUI-related convictions on his record, the most recent coming in 1998. At the time of the collision, he was enrolled in a court-ordered DUI education program.

In September 2000, Mr. Bhagwan was sentenced to a total of twenty-four years to life for second-degree murder, DUI-related charges, and sentence enhancements relating to great bodily injury. In May 2002, the California Court of Appeal affirmed the convictions over Mr. Bhagwan's claims that the trial court erred in denying a continuance, failing to fund the services of a psychiatric expert, and permitting him to appear before the jury in jail clothing. *See People v. Bhagwan*, No. A092788, 2002 Cal. App. Unpub. LEXIS 1239, at \*1 (Cal. Ct. App. May 16, 2002). In July 2002, the California Supreme Court denied review of the convictions.

In June 2003, Mr. Bhagwan filed a habeas petition with this Court that contained unexhausted claims. This Court stayed the petition to allow Mr. Bhagwan to exhaust his claims in state court. In August 2003, Mr. Bhagwan filed a petition for a writ of habeas corpus to the California Supreme Court. The California Supreme Court summarily denied his petition without issuing a reasoned opinion in May 2004. Thereafter, in June 2004, Mr.

Bhagwan filed the habeas corpus petition that raised the claims now being considered by this Court.[1]

## II. DISCUSSION

A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the federal review of habeas corpus petitions. Under AEDPA, habeas relief is proper when a state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

To qualify as an "unreasonable application" of federal law, the state decision "must be more than incorrect or erroneous" and must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 406 (2000)). Where a governing legal principle is unreasonably applied to the principle facts of a petitioner's case, a federal habeas court may grant habeas relief. *Lockyer*, 538 U.S. at 75.

When a state court summarily denies habeas relief, as in the instant case, this Court must conduct an independent review of the record to determine whether the denial comports with federal law. *See Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). A silent state opinion provides no basis upon which this Court can rest an analysis, requiring a federal district court to turn to the trial record to determine whether the decision was objectively unreasonable. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

---

[1] Mr. Bhagwan's original habeas petition filed in June 2003 raised three claims: (1) ineffective assistance of trial counsel, (2) due process violations, and (3) ineffective assistance of appellate counsel. As noted above, the Court stayed the petition pending exhaustion of the ineffective assistance claims in state court. When an amended petition was filed with this Court in June 2004 after the California Supreme Court's summary denial of Mr. Bhagwan's state habeas petition, the claim regarding due process violations was omitted. This Court gave notice to Mr. Bhagwan that the failure to include this claim in the amended petition would foreclose consideration of that claim, and thereby granted Mr. Bhagwan leave to amend. In December 2004, Mr. Bhagwan requested an extension to file a second amended petition, which was granted by this Court. However, Mr. Bhagwan never filed a second amended petition and, therefore, habeas review will be limited to Mr. Bhagwan's ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims.

B.  Ineffective Assistance of Counsel

Mr. Bhagwan asserts two ineffective assistance claims in his federal habeas petition: one against trial counsel, the other against appellate counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984) (providing the governing standard for ineffective assistance claims); *see also Evitts v. Luce*, 469 U.S. 388 (1985) (applying *Strickland* to ineffective assistance of appellate counsel claims). Ineffective assistance of counsel is a cognizable federal claim on habeas review. *See Williams*, 529 U.S. at 391 ("It is past question that the rule set forth in *Strickland* qualifies as clearly established Federal law. . . .") (internal quotation marks omitted).

*Strickland* provides the Supreme Court's two-pronged test that a petitioner must meet to show that his Sixth Amendment right to assistance was violated by counsel's ineffective assistance. First, a petitioner must show particular acts or omissions of counsel that fall "outside the wide range of professionally competent assistance." *Strickland*, 446 U.S. at 690. A petitioner must show that "his attorney's competence fell below an 'objective standard of reasonableness.'" *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1243 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 688). Second, the petitioner must prove that he or she was prejudiced by counsel's deficient performance -- *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 446 U.S. at 694.

1. Ineffective Assistance of Trial Counsel

Mr. Bhagwan claims that trial counsel provided ineffective assistance because (1) counsel failed to raise a mental illness defense[2] and (2) counsel allowed him to appear before

---

[2] While his federal petition does not contain allegations to support his ineffective assistance claim against trial counsel, Mr. Bhagwan outlines his claim in the attached state habeas petition. The state habeas petition states:

> trial counsel also fail refuse petitioner, mental disease defect or disorder, when the evidence was ther[sic]. petitioner have been committed to four institution, on record. the petitioner was on five difference medication at the time of the accident. however counsel refuse to rise[sic] the defense, when petitioner requested.

the jury in jail clothing, thereby prejudicing the outcome of the trial. As stated above, this Court must conduct an independent review of the record as to both of these acts since there is no reasoned state court ruling on Mr. Bhagwan's state habeas petition.

        a.      <u>Failure to Raise Mental Illness Defense</u>

Mr. Bhagwan contends that trial counsel provided ineffective assistance since he failed to raise a mental illness defense to the charge of second-degree murder based upon implied malice. "[S]econd degree murder based on implied malice has been committed when a person does an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life." *People v. Watson*, 30 Cal. 3d 290, 300 (1981) (internal quotation marks omitted). A finding of implied malice requires that the prosecution show that "the defendant actually appreciated the risk involved, *i.e.*, a subjective standard." *Id.* at 297 (emphasis omitted).

At trial, defense counsel conceded that Mr. Bhagwan caused the collision but argued for a lesser charge of manslaughter because Mr. Bhagwan lacked the requisite appreciation of the risk to support a second-degree murder conviction. *See, e.g.*, Rep. Tr. 96 ("The facts will show that at worst, this is a violation of penal code section 191.5, which is gross vehicle manslaughter while intoxicated."); *id.* ("[T]he people will not be able to prove malice aforethought, which is necessary for murder."). Counsel made two arguments during his closing argument to suggest that Mr. Bhagwan lacked the actual knowledge of the risk. First, counsel argued that Mr. Bhagwan was involuntarily intoxicated as a result of his alcoholism and, therefore, lacked free will to control his drinking. *See id.* at 612-13. Second, counsel argued that the prosecution's evidence of Mr. Bhagwan's enrollment in a DUI course was not sufficient to establish his appreciation of the risk. *See id.* at 620. In the end, however, the jury was not persuaded by counsel's arguments and found that Mr. Bhagwan appreciated the risk enough to convict him of second-degree murder.

---

State Pet. at 3.

Petitioner effectively asks this Court to find the state court's determination that trial counsel's decision to pursue the above defense, and not a defense based on mental illness, did not constitute ineffective assistance an unreasonable interpretation of the *Strickland* standard. *Strickland* cautions that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* The Supreme Court cautioned: "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *See id.* As such, the defendant bears the burden of overcoming the strong presumption of competence. *See Bell v. Cone*, 535 U.S. 685, 698 (2002) ("[A] defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'").

That presumption exists here. That counsel's decision was strategic can be inferred where there has been a "thorough investigation of the law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690. Here, the record reflects that trial counsel was aware that there were potential mental health issues. Counsel hired a psychiatric expert who examined Mr. Bhagwan, who presumably gave counsel his evaluation of Mr. Bhagwan's mental health.[3] Additionally, counsel had a mental health evaluation report from the jail housing Mr. Bhagwan stating that Mr. Bhagwan had a "number of emotional and mental problems" which included bipolar disorder, depression, and hallucinations. Rep. Tr. 13 (trial counsel referring to a 4011.6 report); *see also* Cal. Pen. Code § 4011.6 (providing for the evaluation and treatment of persons incarcerated in county facilities who "may be mentally disordered.").

---

[3] Counsel actually approached two experts to testify on behalf of Mr. Bhagwan's defense. The first psychiatrist evaluated Mr. Bhagwan and prepared a report, but the psychiatrist's fee to actually testify at trial exceeded counsel's budget, leading counsel to seek out another psychiatrist. *See Bhagwan*, 2002 Cal. App. Unpub. LEXIS 1239, at 4, 17. A second psychiatrist agreed to evaluate see Mr. Bhagwan, but a second evaluation never took place. *See id.* at 4.

Counsel, though aware of Mr. Bhagwan's mental health issues, could well have made a strategic decision not to advance the matter at trial. Importantly, Mr. Bhagwan has failed to point the Court to any evidence in the record that any of the above mental problems would have interfered with his ability to form the requisite mental state for second-degree murder. Mr. Bhagwan has not explained how any identifiable mental illness would have precluded him from appreciating the risk of his actions.[4]

Moreover, it is not clear that a mental illness defense would have been as successful as Mr. Bhagwan contends. For example, testimony by a psychiatric expert would surely have been challenged by the prosecution by way of cross-examination or through the introduction of prosecution experts who would contradict the defense expert's conclusions.[5] Counsel could reasonably have declined to put on such a psychiatric defense since it may have been subject to challenge. As the Ninth Circuit held previously, "[i]t is . . . acceptable trial strategy to choose not to call psychiatrists to testify when they can be subjected to cross-examination based on equally persuasive psychiatric opinions that reach a different conclusion." *Harris v. Vasquez*, 949 F.2d 1497, 1525 (9th Cir. 1990). Notably, the appellate court affirming the convictions on direct appeal questioned the benefits of this testimony saying that "there was no indication that [an expert] could or would have provided admissible evidence, let alone evidence favorable to the defense." *Bhagwan*, 2002 Cal. App. Unpub. LEXIS 1239, at *15.

Finally, trial counsel could well have decided that advancing a questionable defense based on mental illness would have diluted the strength of his other defenses. Mr. Bhagwan

---

[4] The Court notes that Mr. Bhagwan has not asked to supplement the record to demonstrate that he had or has a mental illness that would have prevented him from having the requisite mental state. Even if he did, he would not be entitled to an evidentiary hearing before this Court. The AEDPA guidelines only allow this Court to order such a hearing if Mr. Bhagwan "establish[ed] by *clear and convincing evidence* that . . . no reasonable factfinder would" have found him guilty of second-degree murder had facts about his purported mental illness been presented. *Williams*, 529 U.S. at 440 (emphasis added); *see also* 28 U.S.C. § 2254(e)(2)(B). Mr. Bhagwan has failed to present any evidence to this effect, let alone clear and convincing evidence.

[5] As noted, there is no evidence in the record or in Mr. Bhagwan's petition that suggests that he has a mental disease or defect that would have interfered with his ability to form the requisite mental state.

has thus failed to overcome the presumption that counsel's conduct falls within the wide range of reasonable professional assistance -- *i.e.*, that counsel made a reasonable strategic decision not to offer a mental illness defense.

Similarly, there are plausible strategic reasons as to why counsel did not introduce the fact that Mr. Bhagwan may have been on medications at the time of the collision. If Mr. Bhagwan took medications that interfered with his consciousness at the time of the collision, and the prosecution showed that he took the medications despite the presence of warning labels, this evidence could have provided additional evidence of implied malice. As the appellate court pointed out in affirming the convictions, "there was no suggestion that [the psychiatrist] could or would have given testimony attributing any exculpatory effect to the psychotropic medications prescribed for defendant." *Id.* at *16.

Even if trial counsel were deficient by failing to offer a mental illness defense, Mr. Bhagwan has not established the prejudice required under *Strickland*. As mentioned above, his petition fails to address how the proffered defense evidence would have affected the jury's conclusion that he appreciated the risk in drinking and driving. Mr. Bhagwan's prior DUI history and his current enrollment in the court-mandated DUI course at the time of the offense substantiated a finding that Mr. Bhagwan had sufficient knowledge and malice, even if he suffered from some form of mental illness. Absent any evidence that Mr. Bhagwan had a mental illness or took medications that prevented him from having the mental state of implied malice, there is no reasonable probability that the jury would have decided differently had counsel introduced evidence of mental illness.

With neither *Strickland* prong satisfied, the Court finds that Mr. Bhagwan's claim that counsel rendered inadequate assistance by failing to raise a mental illness defense is without merit. Accordingly, as to this claim, Mr. Bhagwan is neither entitled to habeas relief, nor an evidentiary hearing.

        b.     <u>Allowing Appearance Before Jury in Jail Clothing</u>

Mr. Bhagwan argues next that his appearance before the jury in jail clothing resulted from counsel's ineffective assistance. On the first day of jury selection, Mr. Bhagwan

appeared before the jury in jail clothing. The record shows that counsel brought casual clothing to the courthouse that morning to allow Mr. Bhagwan to dress out of the jail garb, but that the pants did not fit. During the weekend preceding that first day, counsel made three unsuccessful attempts to bring Mr. Bhagwan casual clothing at the jail.[6] When asked by the trial judge whether counsel wanted to make a comment, counsel failed to raise an appropriate objection to Mr. Bhagwan's appearance in jail clothing. *See Bhagwan*, 2002 Cal. App. Unpub. LEXIS 1239, at *27 (rejecting defendant's contention that a *de facto* objection was lodged during trial).

Though a defendant has no constitutional right to appear in civilian clothing, he may not be compelled to appear in identifiable jail garb. *See United States v. Rogers*, 769 F.2d 1418, 1423 (9th Cir. 1985). Failing to object to an appearance in jail clothing, for whatever reason, waives a defendant's right to claim compulsion. *See Estelle v. Williams*, 425 U.S. 501, 512-13 (1976). *See also People v. Taylor*, 31 Cal. 3d 488, 495 (1982) ("Although the right to be tried in civilian clothing is a constitutional right valuable to a fair trial, the right may be waived by a failure to timely object . . . ."). Therefore, by failing to object, counsel waived Mr. Bhagwan's right to contest being seen in jail clothing. *See Bhagwan*, 2002 Cal. App. Unpub. LEXIS 1239, at *27 (finding Mr. Bhagwan's right was waived).

Here, Mr. Bhagwan meets the threshold for *Strickland*'s first prong. Counsel's failure to raise a proper objection is objectively unreasonable. While counsel made efforts to allow Mr. Bhagwan to dress in casual clothing during that first day, these efforts did not preserve Mr. Bhagwan's rights and were, in the end, fruitless. The cost of raising a proper objection was low, and furthermore, there was no strategic benefit in failing to raise an objection, especially since the jury was not yet present. If tactical considerations motivated counsel to allow Mr. Bhagwan to be shown in jail clothing, then this Court would not invade the province of attorney strategy and would reject petitioner's claim summarily. *See Taylor*, 31

---

[6] The Court notes that counsel's efforts to bring Mr. Bhagwan clothing were unsatisfactory. Counsel visited the jail several times, and on each occasion, was faced with bureaucratic difficulties. Counsel made no substantive effort to resolve the issues, but rather left after passively waiting a minimal amount of time.

Cal. 3d at 496. However, the trial record clearly shows that no strategy was at play. Mr. Bhagwan merely did not fit into the pants provided by counsel.

The Court cannot find any good reason why an objection was not raised. In the worst case scenario, the objection would not have been accepted, but Mr. Bhagwan's right to appeal would have been preserved. Therefore, failing to raise the objection fell outside of the standards of professional competence. Counsel could have easily raised a clear objection to preserve Mr. Bhagwan's rights, but failed to do so.

However, Mr. Bhagwan does not show how he was prejudiced by counsel's failure. Mr. Bhagwan was only dressed in jail garb for one day during trial. The jury did not begin receiving evidence on the case until nine days after Mr. Bhagwan appeared before them in jail garb, thereby diluting any taint that his appearance in jail garb may have had on their decision making process. Furthermore, the evidence provided against Mr. Bhagwan was substantial. Several witnesses testified about his driving behavior leading up to the collision. The police officers smelled alcohol on his body and in his car when he was taken into custody. His blood alcohol level was at 0.41 percent. He had three prior DUI convictions and had enrolled in a DUI course. The fact that Mr. Bhagwan was in jail clothing the first day cannot be seen as having any dispositive effect on the jury's decision making process, especially in light of this evidence. There is no showing that, but for counsel's failure to object, there was a reasonable probability that Mr. Bhagwan's fate would have been decided differently. As a result, Mr. Bhagwan has not shown the requisite prejudice under *Strickland*, that "absent the errors, the factfinder would have had reasonable doubt respecting guilt." *Luna v. Cambra*, 306 F.3d 954, 961 ( 9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 695). .

For the foregoing reasons, this Court holds that the California Supreme Court's decision to deny Mr. Bhagwan's petition on the basis of ineffective assistance of trial counsel is neither contrary to nor an unreasonable application of federal law. As a result, habeas corpus relief as to this claim was properly denied.

### 2. Ineffective Assistance of Appellate Counsel

In addition to the claim of ineffective assistance of trial counsel, Mr. Bhagwan raises a claim of ineffective assistance of appellate counsel. The Court liberally interprets Mr. Bhagwan's claim as being predicated on appellate counsel's failure to file an ineffective assistance of counsel claim against trial counsel on direct appeal.[7]

Because the Court concludes that there was no ineffective assistance by trial counsel, there was no prejudice resulting from appellate counsel's failure to raise this claim on direct appeal. Mr. Bhagwan's ineffective assistance of appellate counsel claim is without merit and the Court finds that the California Supreme Court decision to deny Mr. Bhagwan's petition is not contrary to, or an unreasonable interpretation of established Supreme Court precedent.

### III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is **DENIED**. The Clerk shall enter judgment in favor of Respondent and close the file.

Dated: January 18, 2008

_____
JEFFREY S. WHITE
United States District Judge

---

[7] This is the Court's interpretation of Mr. Bhagwan's ambiguous petition. In relevant part, the federal habeas petition states "Appeal Counsel fail[sic], and refuse to file. I.A.C. On trial Counsel, replying to petitioner. we do not. . ." Federal Pet. at 6.

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

BHAGWAN,

    Plaintiff,

v.

MCGREATH,

    Defendant.

Case Number: CV03-02589 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerald A. Engler
Supervising Deputy Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Kirti Bhagwan
P-95193
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: January 18, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk